# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs().

SERGIO ALVAREZ, MARIO ALVAREZ,
and MARIANO A. HERRERA,

    *Defendants.*

Case No.11-10074-01, 02, 03-EFM

## MEMORANDUM AND ORDER

The Government has filed a three-count indictment naming the following three individuals as defendants: (1) Sergio Alvarez, (2) Mario Alvarez, and (3) Mariano A. Herrera. Among other things, the indictment in this case alleges that Defendants possessed with the intent to distribute a controlled substance. Now before the Court is Defendant Sergio Alvarez's motion to compel discovery (Doc. 25), Defendant Mariano Herrera's motion to compel discovery (Doc. 27), and Defendant Mario Alvarez's motion to compel discovery (Doc. 31). For the reasons stated below, the Court finds that Defendants' motions should be denied.

In their motions, Defendants request an order compelling the Government to disclose various information regarding the confidential informants that were used in this case. According to Defendants, such information should be disclosed because it is relevant and helpful to their defense and is essential to a fair determination in this case. In response, the Government argues that the Court should deny Defendants' request because the confidential informants had no dealings with

Defendants on the day that the illegal transaction occurred and they do not contain any exculpatory evidence.

Typically, "due to the strong public interest in furthering effective law enforcement, the government enjoys a privilege to withhold from disclosure the identity of persons who furnish law enforcement officers with information on criminal acts."[1] However, this privilege may be overcome when the "disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause."[2] In deciding whether to allow discovery, the Court should consider "the possible defenses, the possible significance of the informer's testimony, and other relevant factors."[3] The burden of demonstrating that disclosure is necessary is on the defendant.[4] A defendant's mere speculation that disclosure would be helpful is not enough.[5]

In this case, disclosure is not warranted. Defendants make no showing that any of the confidential informants (assuming that confidential informants were indeed used) played any role in the transaction in question.[6] Further, Defendants have made no showing demonstrating how the

---

[1] *United States v. Vincent*, 611 F.3d 1246, 1251 (10th Cir. 2010) (internal quotation marks omitted).

[2] *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957).

[3] *United States v. Mendoza-Salgado*, 964 F.2d 993, 1000 (10th Cir. 1992).

[4] *See, e.g., Vincent*, 611 F.3d at 1251.

[5] *See, e.g., United States v. Leahy*, 47 F.3d 396, 398 (10th Cir. 1995).

[6] *See, e.g., United States v. Reardon*, 787 F.2d 512, 517 (10th Cir. 1986) (finding that discovery on the confidential informant was unnecessary because the informant's role in the case was limited to introducing the defendant to the government agent).

confidential informants could be of any assistance to them.[7]  Therefore, in light of these shortcomings, the Court finds that Defendants' motions should be denied.[8]

**IT IS THEREFORE ORDERED** that Defendant Sergio Alvarez's motion to compel discovery (Doc. 25) is hereby DENIED.

**IT IS FURTHER ORDERED** that Defendant Mariano A. Herrera's motion to compel discovery (Doc. 27) is hereby DENIED.

**IT IS FURTHER ORDERED** that Defendant Mario Alvarez's motion to compel discovery (Doc. 31) is hereby DENIED.

**IT IS SO ORDERED**.

Dated this 20th day of September, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[7]*See, e.g., United States v. Brantley*, 986 F.2d 379, 383 (10th Cir. 1993) (" '[M]ere speculation about the usefulness of an informant's testimony' is not sufficient to warrant disclosure.") (quoting *United States v. Scafe*, 822 F.2d 928, 933 (10th Cir. 1987))).

[8]Although none of the defendants have asked for one, the Court notes that *in camera* hearing is not necessary in order to resolve Defendants' motions.  In cases such as this where there is no evidence that the confidential informant participated in the underlying illegal transaction, and the defendant has offered nothing, other than rank speculation, that suggests that the confidential informant may be helpful to his defense, the Court may deny the defendant's motion to compel without holding a hearing.  *See, e.g., United States v. Williams*, 2008 WL 938957, at *3 (N.D. Okla. Apr. 7, 2008) (stating that the "defendant must offer more than unsupported speculation to obtain an *in camera* hearing on his motion for disclosure of the CI's identify" (citing *In re: Matter of Search 1638 E. 2nd Street, Tulsa, Okla.*, 993 F.2d 773, 775 n.3 (10th Cir. 1993))).