# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 6:11-CR-10074-02-EFM

MARIO ALVAREZ,

    *Defendant.*

## MEMORANDUM AND ORDER

Petitioner Mario Alvarez ("Petitioner") brings this Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Because review of Petitioner's motion and the accompanying court record conclusively show that he is not entitled to relief, this Court denies the motion without an evidentiary hearing.

### I.    Factual and Procedural Background

On May 18, 2011, Petitioner, along with two co-defendants, was charged by the grand jury with one count of knowingly and intentionally possessing with the intent to distribute in excess of fifty grams of a mixture or substance containing a detectable amount of methamphetamine and one count of knowingly and intentionally combining, conspiring, confederating, and agreeing together and with each other to distribute in excess of fifty grams of a mixture of substance containing a detectable amount of methamphetamine. On September 14,

2011, the grand jury returned a three-count superseding indictment which, in addition to the original charges, charged Petitioner with being an alien illegally and unlawfully in the United States with possession of a firearm. A second three-count superseding indictment was returned on October 13, 2011, amending the first two counts to include more than four hundred (400) grams of methamphetamine. Petitioner initially entered a plea of not guilty.

On the morning of trial, and after a jury had been selected, Petitioner chose to change his plea to guilty as to count one of the second superseding indictment. In exchange, the Government dismissed counts two and three. A presentence investigation report determined that Petitioner's criminal history was category I, as Petitioner had no prior adult criminal convictions. Given the amount of methamphetamine involved in Petitioner's crimes, ultimately found to be 414.2 grams, Petitioner's base offense level was 34. He received a two-point increase due to his possession of a firearm, and a two-point reduction given for Petitioner's satisfaction of the criteria set forth in the United States Sentencing Guidelines § 5C1.2(a)(1)-(5), otherwise known as the "safety valve" provision[1]. Petitioner received an additional two-point reduction for his acceptance of responsibility, but not the third point for early plea, since his plea was entered after jury selection had commenced. Based on an offense level 32 and criminal history category I, Petitioner's sentencing guideline range was 121 to 151 months. The offense to which Petitioner pleaded carried a mandatory ten year (120 month) minimum sentence, although due to his safety

---

[1] The "safety valve" provision allows the district court to issue a sentence below the guideline range if it finds that: (1) the defendant does not have more than one criminal history point; (2) he did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) he was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise; and (5) not later than the time of the sentencing hearing, he has truthfully provided to the Government all information and evidence he has concerning the offense that were part of the same course of conduct or of a common scheme or plan. *See United States v. Cervantes*, 519 F.3d 1254, 1256 (10th Cir. 2008) (citing 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2).

value eligibility the Court had the authority to impose a lesser sentence. On July 10, 2012, exercising the safety value option, this Court sentenced Petitioner to a reduced sentence of ninety (90) months.[2]

On September 16, 2013, Petitioner filed a Motion for Permission to Appeal after Counsel's Failure or Refusal to Appeal, pursuant to FED. R. CIV. P. 5(a)(3). On that same date, Petitioner filed a Motion to Vacate, Set Aside, or Correct a sentence pursuant to 28 U.S.C. § 2255 (Doc. 223). This Court denied Petitioner's Motion for Permission to Appeal on September 17, 2013, noting that the request was out of time. In his § 2255 motion, Petitioner claims ineffective assistance of counsel based on the following alleged errors: (1) failure to file a motion to suppress, (2) failure to file an appeal, (3) failure to appeal an unreasonable sentence, and (4) failure to file objections to the presentence report. Based on a review of the record, this Court finds Petitioner's assignments of error to be without merit.

## II.     Legal Standard

Under § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

---

[2] In its Statement of Reasons, this Court noted that, while Petitioner technically met the Guidelines requirement for possessing a firearm and technically did not meet the requirement for minor/minimal participant, the Court felt that the Guideline offense level overstated Petitioner's level of involvement. This, coupled with Petitioner's lack of criminal history, warranted a downward variance to ninety (90) months imprisonment.

> [t]he judge who receives the motion must properly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[3] The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[4] An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[5]

A district court may grant relief under § 2255 if it determines "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[6] "Review under § 2255 is not an alternative to appellate review for claims that could have been presented on direct appeal but were not."[7] The petitioner may overcome this procedural bar by showing either of "two well recognized exceptions."[8] "First, the movant must show good cause

---

[3] 28 U.S.C. § 2255(b).

[4] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996).

[5] *See id*. (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[6] 28 U.S.C. § 2255(b).

[7] *United States v. Magleby*, 420 F.3d 1136, 1139 (10th Cir. 2005), *cert. denied*, 547 U.S. 1097 (2006).

[8] *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004), *cert. denied*, 544 U.S. 904 (2005).

for not raising the issue earlier and actual prejudice to the movant's defense if the issue is not considered."[9] Cause may "be established by showing that counsel rendered constitutionally ineffective assistance."[10] Second, a petitioner must show that the "failure to consider the federal claims will result in a fundamental miscarriage of justice."[11]

### III. Analysis

Petitioner requests this Court set aside his guilty plea and sentence based on four alleged errors due to ineffective assistance of counsel: (1) failure to file a motion to suppress, (2) failure to file an appeal, (3) failure to appeal an unreasonable sentence, and (4) failure to file objections to the presentence report. The Court discusses each of these assignments of error in turn.

**A. Ineffective Assistance of Counsel**

In general, to succeed on a claim of ineffective assistance of counsel, a petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[12] Under *Strickland*, a petitioner claiming ineffective assistance of counsel must prove that: (1) his counsel's representation was constitutionally deficient because it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the petitioner because it deprived him of the right to a fair trial.[13] To prevail on the first prong, a petitioner must demonstrate that the omissions of his counsel fell

---

[9] *United States v. Molina*, 2013 U.S. Dist. LEXIS 174618, at *12 (D. Kan. Dec. 13, 2013) (citing *Cervini*, 379 F.3d at 990).

[10] *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002) (internal citations omitted).

[11] *Molina*, 2013 U.S. Dist. LEXIS 174618, at *12 (citing *Cervini*, 379 F.3d at 990) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *see also Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (holding that a showing of actual innocence meets the fundamental miscarriage of justice prong).

[12] 466 U.S. 668 (1984).

[13] *Id*. at 687-88.

"outside the wide range of professionally competent assistance."[14] This standard is "highly demanding."[15] Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[16] The reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error.[17] "[E]very effort should be made to eliminate the distorting effects of hindsight."[18]

With regard to the second prong, a petitioner "must show there is a reasonable probability that, but for his counsel's professional errors, the result of the proceeding would have been different."[19] A reasonable probability is a "probability sufficient to undermine confidence in the outcome."[20] This requires the court to focus on "the question [of] whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[21] In cases where a petitioner pleads guilty, the Supreme Court has held that prejudice can only be shown if there is "a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial."[22] Courts reviewing an attorney's performance must exercise deference, as "counsel is strongly presumed

---

[14] *Id.* at 690.

[15] *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[16] *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quoting *Hatch*, 58 F.3d at 1459) (quoting *United States v. Ortiz Oliveras*, 717 F.2d 1, 4 (1st Cir. 1983)).

[17] *See Edens v. Hannigan*, 87 F.3d 1109 (10th Cir. 1996).

[18] *Id.* at 1114 (quoting *Strickland*, 466 U.S. at 689).

[19] *Strickland*, 466 U.S. at 694.

[20] *Id.*

[21] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[22] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[23]

### 1. Failure to File a Motion to Suppress

Petitioner first claims ineffective assistance of counsel due to his counsel's alleged failure to file a motion to suppress the "central evidence" in the case.[24] Petitioner argues that had his counsel filed a viable motion to suppress, he would not have entered into a plea agreement. It is unclear as to what Petitioner deems to be the "central evidence" in the case, as no specific explanation is provided.

However, the Court does note that on October 24, 2011, Petitioner's co-defendant, Mariano Herrera ("Herrera"), filed a motion to suppress any statements or admissions given by Herrera in violation of his Fifth Amendment rights.[25] In his motion, Herrera claimed that he did not voluntarily, knowingly, and intelligently waive his *Miranda* rights. This Court ultimately found that Herrera understood his *Miranda* rights and impliedly and voluntarily waived those rights by speaking with police. Given this denial of Herrera's motion, and based on its review of Petitioner's case record, this Court finds, with regard to Petitioner's first assignment of error, that there were no reasonable grounds upon which Petitioner's counsel could have sought suppression of any evidence in this case, "central" or otherwise.

Furthermore, Petitioner cannot prove that, but for his counsel's alleged failure to file a motion to suppress, he would have insisted on going to trial. When this Court informed Petitioner of his right to proceed to trial, Petitioner responded, "[n]o, I'm guilty." At no time

---

[23] *Strickland*, 466 U.S. at 689-90.

[24] Doc. 223, at 4.

[25] Doc. 59.

during his plea hearing did Petitioner acknowledge any reason for his guilty plea other than his actual guilt. Petitioner therefore fails to show prejudice as a result of counsel's alleged failure to file a motion to suppress. As such, Petitioner's first assignment of error is dismissed.

### 2. Failure to File An Appeal/Failure to Appeal Unreasonable Sentence

In his second and third assignments of error, Petitioner alleges ineffective assistance of counsel due to his counsel's failure to file an appeal despite Petitioner's "clear dissatisfaction with the sentence [he] received," and given the "low amount of drugs attributed to [Petitioner]," respectively.[26] As both errors discuss an alleged failure to file an appeal, they will be discussed simultaneously.

The Tenth Circuit has held that when a petitioner waives his right to bring a post-conviction collateral attack in a plea agreement and later brings a § 2255 petition alleging counsel's failure to file an appeal as instructed, the court must determine: "(1) whether the disputed [claim] falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[27]

#### a. Scope of Waiver

Petitioner's plea agreement specifically stated that Petitioner

> waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28 U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18 U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives

---

[26] Doc. 223, at 4.

[27] *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004)).

the right to appeal the sentence imposed in this case except to the extent, if any, the Court departs upwards from the applicable sentencing guideline range determined by the Court."[28]

While "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver,"[29] "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable."[30]

Here, the Court is satisfied that the appeal issue does not relate to the validity of the plea or waiver. Petitioner's appeal issue cannot reasonably be construed as an argument that counsel's alleged deficiencies made Petitioner's plea unintelligent or involuntary. Petitioner has not alleged, in either ground two or three, that his counsel failed to inform him of his waiver of appellate review, nor does he allege that any such omission rendered his plea unintelligent or involuntary. Furthermore, the Court specifically informed Petitioner during his plea hearing that, unless the Court were to sentence him above the guideline range, Petitioner was waiving most of his appeal rights. Petitioner indicated on the record that he understood and agreed to that restriction. As such, the Court finds that Petitioner's plea agreement effectively waived his ineffective assistance of counsel claim.

### b. Knowing and Voluntary

The Court further finds that Petitioner's Rule 11 colloquy was knowing and voluntary. During the plea hearing, the Court engaged in the following dialogue with Petitioner:

---

[28] Doc. 131, at 6.

[29] *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

[30] *Id.*

| | | |
|---|---|---|
| The Court: | | And the last sentence in this agreement, in paragraph 15, says that you acknowledge that you're entering into this agreement and you're pleading guilty because you are guilty. And that you're doing that *freely and voluntarily*. Is that a correct statement, Mr. Alvarez? |
| Petitioner: | | Yes, it's correct. |
| The Court: | | Other than the promises the Government has made to you that we've just gone over with you, has anyone made any other promises to you to persuade you to plead guilty? |
| Petitioner: | | No. |
| The Court: | | Has anyone made any threats against you to make you plead guilty? |
| Petitioner: | | No. |

Petitioner does not make an argument that his plea was not knowing or voluntary. As such, the Court finds that the second element of the test is satisfied.

### c. Miscarriage of Justice

Finally, Petitioner bears the burden of demonstrating that enforcing the waiver will result in a miscarriage of justice.[31] The Tenth Circuit has held that a miscarriage of justice through enforcement of a waiver occurs only in four specific situations: "(1) where the district court relie[s] on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful."[32] None of these factors are implicated here. The Court therefore finds that Petitioner knowingly and voluntarily entered into a valid plea agreement that waived his right to bring a collateral attack except in

---

[31] *Hahn*, 359 F.3d at 1327.

[32] *Id.*

limited circumstances not found here.  Furthermore, enforcement of the waiver does not produce a miscarriage of justice.  Petitioner's second and third assignments of error are therefore dismissed.

### 3. Failure to File Objections to the Presentence Report

In his final assignment of error, Petitioner alleges that counsel failed to object to the two-point firearm enhancement contained in the presentence report.  This Court finds Petitioner's assignment of error to be without merit.  Not only did Petitioner's counsel file written objections to the sentence enhancement, but counsel also argued vigorously at Petitioner's sentencing as to the applicability of this enhancement.  Counsel originally challenged the two-point firearm enhancement when it appeared in Petitioner's presentence report, alleging that there was no evidence to prove that he actually possessed the firearm, either during the drug transaction or anytime otherwise.  In response, the United States Probation Office noted that the firearm, along with thirty-four rounds of ammunition, was found in Petitioner's bedroom.  The drugs in question were taken from this same house.  Therefore, the two-point increase was appropriate. The Probation Office also noted that, in the event this Court sustained Petitioner's objection to the two-point increase, Petitioner's new total offense level would have resulted in an imprisonment range of 97 to 121 months.

Although this Court did not sustain Petitioner's objection to the two-point enhancement for the firearm, it is important to note that without the two-point enhancement, Petitioner's recommended sentence would have been 97 to 121 months.  Petitioner was only sentenced to ninety (90) months.  Not only was this a lower sentence than would have been recommended by the Guidelines has the objection been sustained, but the Court's Statement of Reasons made clear that the sentence reduction was due to the Guidelines overstating Petitioner's level of

involvement. Had the objection to the two point enhancement been sustained, Petitioner's level of involvement would have not been so overstated, and it is clear from the record that the Court would have ended up with a comparable sentence. As such, Petitioner's argument is without merit and his fourth assignment of error is dismissed.

**B. Certificate of Appealability**

Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to issue or deny a certificate of appealability upon entering a final adverse order.[33] This certificate "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[34] The applicant must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further."[35] Defendant fails to meet this standard. The Court therefore declines to issue a certificate of appealability for this order.

---

[33] *Smith v. United States*, 2013 U.S. Dist. LEXIS 64825, at *10-11 (D. Kan. May 7, 2013).

[34] 28 U.S.C. § 2254(c)(2).

[35] *Smith*, 2013 U.S. Dist. LEXIS 64825, at *11 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**IT IS THEREFORE ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 223) is hereby **DENIED.**

**IT IS SO ORDERED**.

Dated this 4th day of April, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE